**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-96-00464-004-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Riley Briones, Jr., | |
| Defendant. | |

Before the Court is Government's Motion to Modify Supervised Release Conditions. (Doc. 481.) The motion is fully briefed (Docs. 483, 486) and will be granted.

On May 3, 2023, the Court granted Defendant Riley Briones, Jr.'s motion for compassionate release, reducing his life sentence to time served after he had served more than twenty-seven years of incarceration. (Doc. 477.) The Court ordered a five-year term of supervised release imposing "standard conditions" of supervision and some "special conditions" pertaining to movement, substance use and abuse, deterrence, public safety, and rehabilitation.

The Government now asks the Court to impose more special conditions to the terms of Mr. Briones' release. Specifically, the Government seeks the imposition of conditions that prohibit Mr. Briones from (1) using or possessing "alcohol or alcohol beverages," (2) contacting certain individuals and their immediate families, and (3) entering specific addresses and "any Salt River Police Department building," unless he is "experiencing an

emergency or conducting official Police business" and prohibiting Mr. Briones from entering the Salt River Pima Maricopa Indian Community Prosecutor's Office for any reason. Mr. Briones objects to the proposed conditions as unreasonable or overbroad.

The undisputed factual statements in the presentence report indicate that Mr. Briones was involved in a plot to blow up the Salt River Police Department and to harm individuals involved with the investigation and prosecution of his case. Although there is no argument that Mr. Briones poses a danger to the community and although the plan is now more than twenty-seven years old, the facts are related to the instant conviction. Mr. Briones' conduct in custody was without blemish, but he has not had a sustained opportunity out of the controlled environment of the custody of the Bureau of Prisons. After Mr. Briones has been in the community for a period without incident, he may seek to have this condition removed. But the Court finds it warranted at this time.

Mr. Briones argues that the no-contact condition proposed by the Government are vague and overbroad. However, the proposed condition names the people with whom Mr. Briones must have no contact. There is no undefined class. Mr. Briones has no fundamental rights to associate with these individuals, who were witnesses, investigators, or prosecutors in his case. The uncontested presentence report describes the plot to harm these individuals.

Mr. Briones also objects to the condition prohibiting him from entering the Police Department building. Although this requested condition provides that he may enter the building for emergency or official police business, Mr. Briones argues that the condition is vague because the address might include other agencies. However, if he goes to that address to visit another agency, other than the police department, he will not be in violation of that condition. This condition is narrowly tailored to specific locations Mr. Briones targeted and provides specific exceptions for lawful activity.

All three additional proposed conditions further the goals of deterrence and protection of the public. The no alcohol condition also is justified for rehabilitation. At the time of his original sentencing, the presentence report showed a serious alcohol problem that contributed to the commission of the offense of conviction. The link between Mr.

Briones' alcohol abuse and the offense of conviction makes an alcohol prohibition necessary to further the goals of supervised release.

**IT IS ORDERED** that Government's Motion to Modify Supervised Release Conditions (Doc. 481) is **GRANTED**. An amended judgment reflecting these modified terms will issue separately.

Dated this 30th day of June, 2023.

Douglas L. Rayes
United States District Judge